UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF SHIRLEY T. COX,
by and through BETTY M. SMITH,
Personal Representative; JOHN E. BALLEW,
by and through JUDITH A. BALLEW,
Attorney-in-Fact; and THE ESTATE OF
ROGER J. LAPP, by and through MARK F.
LAPP, Personal Representative,

   Plaintiffs,

v.            Case No: 8:18-cv-381-T-02AAS

MARCUS & MILLICHAP,
INCORPORATED, and MICHAEL
BOKOR,

   Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' motions to dismiss, Dkts. 89 & 92, Plaintiffs' Amended Complaint, Dkt. 82. Defendant Marcus & Millichap, Incorporated ("MMI") also filed a motion to stay pending administrative review, Dkt. 90, while Defendant Michael Bokor filed a motion to strike certain exhibits attached to the Amended Complaint, Dkt. 93. United States Magistrate Judge Amanda Arnold Sansone issued a report recommending Defendants' motions to dismiss be granted and Defendants' respective motions to

stay and strike be denied as moot. Dkt. 137. Plaintiffs timely filed objections, Dkt. 146, to which Defendants separately responded, Dkts. 153 & 154. In addition to considering these filings, the Court heard from the parties at a hearing held on April 20, 2022. Dkt. 155. MMI filed an invited supplemental brief after the hearing, Dkt. 156, and Plaintiffs filed a response, Dkt. 157. Upon careful consideration, the Court adopts the report and recommendation.

A district court may accept, reject, or modify "in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). If objections are filed, as here, a *de novo* determination is required "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Here, Plaintiffs raise five objections to the report and recommendation, which the Court addresses in turn. Plaintiffs first contend that the report and recommendation fails to "take into account the licensure and oversight framework" that permits Plaintiffs to seek judicial redress for alleged wrongs concerning the licensing of Florida nursing homes. Dkt. 146 at 10. In making this argument,

2

Plaintiffs cite several cases analyzing claims brought by automobile insurers against healthcare providers or facilities for disgorgement pursuant to Florida's Motor Vehicle No-Fault Law, Fla. Stat. §§ 627.730−627.7405, and the Florida Health Care Clinic Act, Fla. Stat. §§ 400.990 *et seq. See* Dkt. 146 at 4−13. Those cases have no bearing here, as Plaintiffs are individuals bringing claims of nursing home licensing violations[1] against real estate broker Mr. Bokor and marketing company MMI. Dkt. 82. The Court agrees with Magistrate Judge Sansone's conclusion that Plaintiffs lack standing to bring these claims, as they have failed to allege an injury-in-fact. Dkt. 137 at 10. The Court further agrees that alleged violations of Florida's nursing home licensing statutes should be addressed by the state agency charged with administering, interpreting, and enforcing those laws—the Agency for Health Care Administration. *Id.* at 19−20.

Plaintiffs' second objection is a generalized assertion that the report and recommendation does not fully consider Plaintiffs' well-pleaded factual allegations. Dkt. 146 at 13. After holding a hearing on the subject motions to dismiss, Dkt. 131, Magistrate Judge Sansone issued the twenty-seven-page report and recommendation that thoroughly analyzes Plaintiffs' Amended Complaint. There is no indication that she failed to consider any of Plaintiffs' allegations.

Plaintiffs' third objection largely repeats their first objection by asserting

---

[1] Nursing home licensure is governed by Chapters 400 and 408 of the Florida Statutes.

that case law supports the allegations within their Amended Complaint. Dkt. 146 at 17. As explained above, the cases upon which Plaintiffs rely have no application here. Plaintiffs have not cited—nor has this Court found—a single case finding that Florida's nursing home licensing statutes permit nursing home residents to sue non-providers for alleged licensing issues.

Turning to their fourth objection, Plaintiffs contend that the report and recommendation discounts Plaintiffs' standing to bring this action. *Id.* at 19. It does not. As expressed above, the Court agrees with Magistrate Judge Sansone's finding that Plaintiffs have not demonstrated an injury-in-fact necessary for Article III standing. Dkt. 137 at 10. Even if one of the speculative harms alleged by Plaintiffs amounted to an injury-in-fact, Plaintiffs have not demonstrated how any alleged injury would be traceable to Mr. Bokor or MMI as Defendants in this action.

Lastly, Plaintiffs' fifth objection concerns the denial of their August 2021 motion for leave to file a second amended complaint. Dkt. 146 at 29. This objection is untimely under Federal Rule of Civil Procedure 72(a), as Magistrate Judge Sansone denied that motion roughly six months before Plaintiffs lodged this objection. Dkt. 118. In any event, as Magistrate Judge Sansone explained, Plaintiffs' proposed amendments were both futile and untimely, and granting leave to amend again would have prejudiced Defendants. *See id.* at 6–7.

Following this *de novo* review, the Court finds Plaintiffs' objections

unavailing and agrees with the findings and conclusions set forth in the report and recommendation. Magistrate Judge Sansone's report and recommendation is hereby **ADOPTED**. Accordingly, Defendants' motions to dismiss, Dkts. 89 & 92, are **GRANTED**. Defendants' respective motions to stay and strike, Dkts. 90 & 93, are **DENIED AS MOOT**. The Clerk is directed to enter judgment accordingly and close the case.

      **DONE AND ORDERED** at Tampa, Florida, on May 9, 2022.

      */s/ William F. Jung*
      **WILLIAM F. JUNG**
      **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record